UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ZIJA CUKOVIC                                                 :
                                                             :   **ORDER GRANTING MOTION**
                                    Plaintiff,               :   **TO COMPEL ARBITRATION**
                                                             :
        -against-                                            :   09 Civ. 6233 (AKH)
                                                             :
TEMCO SERVICE INDUSTRIES, INC.,                              :
                                                             :
                                    Defendant.               :
                                                             :
                                                             :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Zija Cukovic brings this action alleging employment discrimination based on his national origin (Albanian) and age (date of birth July 14, 1963).  Defendant Temco Service Industries, Inc., moves to dismiss the complaint and compel arbitration pursuant to the collective bargaining agreement governing Mr. Cukovic's employment.

        Temco is in the business of providing building maintenance and janitorial services to owners and managers of commercial properties in and around New York City.  It is a member of the Realty Advisory Board on Labor Relations, Inc. (the "RAB"), a multi-employer bargaining group that engages in collective bargaining with Service Employees International Union, Local 32BJ (the "Union") over the terms and conditions governing the employment of Temco's janitorial employees.  Mr. Cukovic is a member of the Union.

        Temco employed him as a porter at 885 Second Avenue in Manhattan from 1999 until his termination on February 25, 2008.  Mr. Cukovic alleges that prior to his termination, his supervisor made a number of derogatory remarks to him regarding Albanians.  Temco represents

that Cukovic was terminated because on several occasions he left the building without punching out.

The terms and conditions of the Union's collective bargaining agreement (the "Agreement", annexed at Exhibit D to the Declaration of Harry Weinberg ("Weinberg Decl.")) governed Mr. Cukovic's employment. Article XIV, paragraph 30 of the Agreement expressly prohibits discrimination against employees and requires that any claims of discrimination be submitted to the grievance and arbitration procedures provided in Articles V and VI of the Agreement:

> There shall be no discrimination against any . . . employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by the law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, . . . or any other similar laws, rules, or regulations. All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as the sole and exclusive remedy for violations.

The RAB and the Union entered into a separate Agreement and Protocol implementing the grievance and arbitration procedure as it pertains to statutory claims of discrimination. Weinberg Decl. E (the "Protocol"). The Protocol provides for non-binding mediation followed by binding arbitration of employment discrimination claims.

The Supreme Court recently held, in a dispute involving the RAB and the Union, that the language quoted above requires union members to submit statutory employment discrimination claims to the Agreement's grievance and arbitration procedures:

> The [National Labor Relations Act] provided the Union and the RAB with statutory authority to collectively bargain for arbitration of workplace discrimination claims, and Congress did not terminate that authority with respect to federal age-discrimination claims in the ADEA. Accordingly, there is no legal basis for the Court to strike down the arbitration clause in this [collective bargaining agreement], which was freely negotiated by the Union and the RAB, and which clearly and unmistakably requires respondents to arbitrate the age-discrimination claims at issue in this appeal. Congress has chosen to allow arbitration of ADEA claims. The Judiciary must respect that choice.

2

14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1466 (2009).

In his opposition to defendant's motion, plaintiff does not dispute the applicability of the Agreement and the requirement that he submit his claim to mediation and arbitration. He does, however, request that I stay this action pending resolution of his claims. Defendant argues that I have the discretion to, and should, dismiss plaintiff's action because all his claims must be submitted to mediation and arbitration. Although I do have discretion to dismiss plaintiff's action, see Johnson v. Tishman Speyer Props., L.P., 09 Civ. 1959 (WHP), 2009 WL 3364038, at *4 (S.D.N.Y. Oct. 16, 2009), I will retain jurisdiction and require defendant to submit periodic reports regarding the progress of plaintiff's claim.

Accordingly, defendant's motion is granted in part and denied in part. The parties are directed to proceed to mediation and arbitration. I will stay the case and retain jurisdiction to ensure its progress. Defendant shall submit to the Court a progress report every 30 days from the date of this order.

The Clerk shall mark the motion (Doc. No. 11) as terminated.

SO ORDERED.

Dated: July 30, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3